J-S45021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: B.L.A., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: B.L.A., A MINOR | No. 2007 MDA 2014 |

Appeal from the Dispositional Order of October 27, 2014
In the Court of Common Pleas of Dauphin County
Juvenile Division at No.: CP-22-JV-0000299-2014

BEFORE: BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:          **FILED SEPTEMBER 29, 2015**

B.L.A., a minor, appeals the October 27, 2014 dispositional order. We affirm.

On March 31, 2014, "a large group of Latino males," one of whom was B.L.A., assembled "across the street from Rowland [Academy ("Rowland")] at the end of the school day." Juvenile Court Opinion ("J.C.O."), 2/26/2015, at 3. Throughout the two-week period leading up to that day, Dean Garges, Rowland's principal, had called the police six or seven times to report "a large group of Latino boys hanging around on school property." *Id.* The Harrisburg Bureau of Police responded to those reports, and to other "massive fights" at Rowland, which involved "approximately one to two hundred juveniles who would meet after school to fight." *Id.*

_____

[*]    Former Justice specially assigned to the Superior Court.

Garges believed that the juveniles were looking for a particular Rowland student who had been expelled earlier in the week. In an effort to disband the group before Rowland dismissed its students, Garges identified himself as the school's principal and ordered the juveniles to leave. The group did not disperse; instead, they began to harass several Rowland students as they left the campus at the end of the school day. Specifically, the males were "curs[ing] at and chas[ing] the school children down the street." *Id.* at 4.

Garges got into his truck and drove to the area where he suspected that a fight was about to break out. Garges recorded the incident with his iPhone, while he demanded that the males disperse and allow his students to get home safely.

> After [Garges] informed the crowd that the person they were looking for was not there, [B.L.A.] broke through the crowd screaming for [Garges'] iPhone. [B.L.A.] reached into [Garges'] truck and tried to take the iPhone, but was unsuccessful because [Garges] had thrown it across the truck and onto the floor on the other side. [B.L.A.] yanked the truck door open and yelled, "[p]ull the motherfucker out." [B.L.A.] and two others began to pull [Garges] out of his truck, but he kicked and was able to pull the truck door shut. [B.L.A.] punched [Garges'] truck and attempted to punch [Garges,] but missed and hit his glasses instead, which sent them flying across the truck. [Garges] . . . then left the scene after making sure no one was in front of his truck.

*Id.* at 4-5.

As a result of these events, the Commonwealth filed a delinquency petition alleging acts of robbery and aggravated assault.[1]  On October 27, 2014, after a hearing, the juvenile court adjudicated B.L.A. delinquent of both of these offenses, and placed him on probation.  On November 5, 2014, B.L.A. timely filed a post-dispositional motion, wherein he argued that "the verdict was contrary to the weight of the evidence."  B.L.A.'s Post-Dispositional Motion, 11/5/2014, at 2 (unnumbered).

On November 26, 2014, before the juvenile court had ruled upon his motion, B.L.A. filed a notice of appeal.  On December 16, 2014, B.L.A. filed with this Court an application for remand pending the resolution of his post-dispositional motion.  We directed B.L.A. to file with the juvenile court a *praecipe* for entry of an order denying his post-dispositional motion by operation of law.  B.L.A. complied, and the juvenile court entered such an order on January 9, 2015.  Accordingly, we treat B.L.A.'s notice of appeal as if he had filed it on January 9, 2015.  **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").  B.L.A. filed a concise statement of errors complained of on appeal on February 2, 2015, and the juvenile court filed a Pa.R.A.P. 1925(a) opinion on February 23, 2015.

---

[1]     18 Pa.C.S. §§ 3701(a)(1)(v), and 2702(a)(3), respectively.

B.L.A. presents one issue for our consideration: "Whether the trial court erred in denying [B.L.A.'s] post-dispositional motion where his adjudications of delinquency were against the weight of the evidence as he was never shown to have engaged in conduct constituting the offenses [for] which he was adjudicated delinquent?" Brief for B.L.A. at 5.

Appellate review of a challenge to the weight of the evidence entails review of the exercise of discretion, not of the underlying question of whether the verdict itself was against the weight of the evidence. *Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994). Because the juvenile court had the opportunity to see and hear the evidence presented, we give the gravest consideration to the findings and reasons advanced by the judge when reviewing a juvenile court's determination that the verdict is not against the weight of the evidence. *Commonwealth v. Farquharson*, 354 A.2d 545 (Pa. 1976). In effect, "the [juvenile] court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Ramtahal*, 33 A.3d 602, 609 (Pa. 2011).

In framing his issue as a challenge to the weight of the evidence, B.L.A. conflates two distinct claims with different standards of review. In *Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000), our Supreme Court highlighted the distinction between a challenge to the sufficiency of the evidence, which contests the **quantity** of the evidence presented at trial,

and a challenge to the weight of the evidence, which attacks the **quality** of

that evidence.

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Id.* at 751-52 (citations, footnotes, and quotation marks omitted).

Instantly, the juvenile court adjudicated B.L.A. delinquent of robbery and aggravated assault. The latter offense required the Commonwealth to demonstrate beyond a reasonable doubt that B.L.A. attempted to cause or intentionally or knowingly caused bodily injury to "[a] teaching staff member, school board member[,] or other employee . . . of any elementary or secondary publicly-funded educational institution . . . while acting in the scope of his or her employment or because of his or her employment relationship to the school." 18 Pa.C.S. § 2702(c)(27). In arguing that his delinquency adjudication was against the weight of the evidence, B.L.A. maintains that "the Commonwealth did not demonstrate that Garges was acting in his capacity as a school principal" when he was assaulted. *See* Brief for B.L.A. at 10.

B.L.A. evidently misunderstands the nature of a challenge to the weight of the evidence, which "concedes that there is sufficient evidence to sustain the verdict." *Widmer*, 744 A.2d at 752. B.L.A.'s only contention on appeal is that the Commonwealth failed to establish an element of the offense for which he was adjudicated delinquent. This presents a challenge to the sufficiency, rather than the weight, of the evidence presented at his adjudication hearing.[2] B.L.A. has failed to preserve such a challenge for our

_____

[2] Indeed, the only relevant case law B.L.A. cites in his appellate brief is *In Interest of D.S.*, 622 A.2d 954, 961 (Pa. Super. 1993), a case involving a challenge to the sufficiency of the evidence.

review. In his 1925(b) statement, B.L.A. asserted only that his "adjudication of delinquency was against the **weight** of the evidence so as to shock one's sense of justice." ***See*** B.L.A.'s Concise Statement of Errors Complained of on Appeal, 2/3/2015, at 1 (emphasis added). Therefore, he has waived his challenge to the sufficiency of the evidence. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived."); Pa.R.A.P. 1925(b)(4)(vii).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2015